**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **ALISHA LAFLEUR** | **CASE NO. 6:26-CV-00311** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **M A R S CLEANING SERVICES LLC** | **MAGISTRATE JUDGE WHITEHURST** |

## REASONS FOR JUDGMENT

Before the Court is Magistrate Judge Carol B. Whitehurst's Report and Recommendation [ECF No. 15] and the objections filed thereto [ECF No. 16]. For the reasons set forth below, the Court overrules the objections to and adopts the Report and Recommendation.

M.A.R.S. Cleaning Services, LLC ("M.A.R.S. Cleaning") objects to the Report's application of the two-prong OCSLA jurisdictional test set forth in *Deepwater Horizon*, arguing that it fails to specify which prong of the test is not met. The first prong of the *Deepwater Horizon* test requires courts to determine whether "the activities that caused the injury constituted an 'operation' 'conducted on the outer Continental Shelf.'"[1] The second prong requires courts to determine whether "the case 'arises out of, or in connection with' the operation" under a "but-for" causation standard.[2]

In the interest of clarity, the Court finds that the decommissioning of the oil and gas production platform located on the outer continental shelf ("OCS") constitutes an "operation" conducted on the OCS under prong one.[3] As to the second prong, the Report sufficiently analyzes

---

[1] *In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014) (quoting *EP Operating Ltd. P'ship v. Placid Oil Co.*, 26 F.3d 563, 569 (5th Cir. 1994)).
[2] *Id.*
[3] *See EPL Oil & Gas, LLC v. Trimont Energy (NOW), LLC*, 640 F. Supp. 3d 687, 693 (E.D. Tex. 2022) ("[T]he abandonment or decommissioning of wells on the OCS is an 'operation' under OCSLA.").

the connection between the alleged injury and the operation conducted on the OCS, finding the connection to be too attenuated. The Court agrees. As explained in the Report, the "but-for" causation standard cannot be without limits. The M.A.R.S. tugboat towed a barge through the Atchafalaya River to an offshore buoy, where the barge was picked up by a separate vessel and brought to the OCS platform for decommissioning work. The M.A.R.S. tugboat allegedly dropped a rope in the Atchafalaya River on this voyage that later caused the alleged injury. A rope dropped by a tugboat in the Atchafalaya River is too far removed from the decommissioning work performed on the OCS.

The remainder of the objections submitted by M.A.R.S. Cleaning are overruled.

For the reasons set forth above,

IT IS HEREBY ORDERED that, consistent with the report and recommendation, Plaintiff's Motion to Remand [ECF No. 9] is GRANTED and Plaintiff's request for attorney's fees [ECF No. 9] is DENIED.

THUS DONE in Chambers on this 27th day of August, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE